UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SEBASTIAN RODRIQUEZ,

             Plaintiff,

       -against-

COUNTY OF NASSAU, NASSAU COUNTY
CIVIL SERVICE COMMISSION and NASSAU
COUNTY POLICE DEPARTMENT,

             Defendants.
----------------------------------------------------------X
APPEARANCES:

MEMORANDUM AND ORDER

CV 12-2588

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT  E.D.N.Y.

★ MAR 27 2013 ★

LONG ISLAND OFFICE



Law Offices of Thomas F. Liotti
By: Thomas F. Liotti, Esq.
600 Old Country Road, Suite 530
Garden City, NY 11530
Attorney for Plaintiff

John Ciampoli, County Attorney of Nassau County
By:    Daniel Feldman, Esq.
One West Street
Mineola, NY 11550
Attorney for Defendants County of Nassau,
Nassau County Civil Service Commission
and Nassau County Police Department

WEXLER, District Judge:

       Plaintiff Sebastian Rodriquez ("Rodriquez" or "Plaintiff") brings this action claiming

violations of 42 U.S.C. § 1983, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), the Fair Labor Standards

Act ("FLSA"), New York Human Rights law §§ 290 *et seq.*, New York Exec. Law § 290 and §

296, *et seq.*, and New York Labor Law § 741. Defendants County of Nassau ("County), Nassau

County Civil Service Commission ("Commission") and Nassau County Police Department

("Police Department") (collectively, the "Defendants") move to dismiss Plaintiff's complaint

pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6) for failure to state a claim. For the reasons that follow, Defendants' motion is granted in its entirety.

## BACKGROUND

According to Plaintiff's complaint ("Cmplt."), he is a person of Puerto Rican ancestry. Cmplt. ¶ 11. He began the Nassau County Correction Officer application process in December 2007 when he took the Correction Officer exam and scored a 85. Cmplt. ¶ 19. On February 9, 2008, he received a Police Department Candidate Application Packet, which he promptly completed and returned, including three (3) numbers where he could be reached – home, cell and work. Cmplt. ¶ 21. By letter dated April 29, 2008, Officer Gerald Friel advised Rodriquez that he was to schedule an appointment for a background investigation by May 5, 2008 "or his application may be discontinued." Plaintiff did not receive the letter. Cmplt. ¶ 22. Thereafter Officer Friel left four (4) messages on Plaintiff's cell phone, lastly on May 15, 2008. Officer Friel did not call any of the other numbers Plaintiff had provide on his application. Cmplt. ¶ 24. On June 2, 2008, Rodriquez checked his cell phone and learned of Officer Friel's calls. He called Friel, but the call was not returned. Cmplt. ¶ 25-26. By letter dated June 11, 2008, Rodriquez received a letter from the Commission stating that he was disqualified from the Correction Officer application process due to "failure to cooperate with your background investigation." Plaintiff wrote for a more detailed explanation, to which the Commission responded that "the original notification of disqualification stands." Cmplt. ¶ 28.

Subsequently, Plaintiff filed an Article 78 proceeding in the Supreme Court in Nassau County against these Defendants challenging the dismissal of his application. Cmplt. ¶ 30. By Order dated February 19, 2009, the Nassau Supreme court ruled that the Office Friel's failure to

attempt to reach Rodriquez at the other numbers listed in his application was "unreasonable" and vacated the Commission letter of June 11, 2008 disqualifying Plaintiff. Defendants appealed. The Appellate Division, Second Department reversed on June 18, 2011. Motions to reargue and for leave to file with the New York Court of Appeals were denied on March 25, 2011. A notice of Claim was filed against these Defendants on July 14, 2011.[1] Cmplt. ¶ 34.

Subsequently, on July 13, 2011, Rodriquez filed a discrimination charge with the New York State Division of Human Rights ("NYSDHR") alleging discrimination as a result of Plaintiff's national origin. Cmplt. ¶ 8. By letter dated March 5, 2012, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's charge for "No jurisdiction, Untimely, Over 300 days" ("EEOC Letter").[2] The EEOC Letter also informed Plaintiff he had ninety (90) days to file a lawsuit. Plaintiff filed this lawsuit on May 23, 2012. In the interim, on April 23, 2012, Plaintiff's counsel wrote to Nassau County Executive Edward Mangano ("Mangano") seeking reconsideration of Plaintiff's disqualification and employment, to which no response has been received. Cmplt. ¶ 36, Ex. F.

## DISCUSSION

I. <u>Legal Principles</u>

   A. <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept

---

[1] These various decisions and orders are attached to Plaintiff's complaint as Exhibits B, C, D and E. Since they are referenced in and attached to the complaint, it is appropriate to review them under a Rule 12(b)(6) motion. See Hayden v. County. of Nassau, 180 F.3d 42, 54 (2d Cir.1999).

[2] The EEOC Letter is attached to Plaintiff's complaint as Exhibit A.

-3-

the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court articulated the requirement that a plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

II. Disposition of the Present Motion

A. Plaintiff's Title VII claim

Defendants argue that Plaintiff's claims under Title VII must be dismissed for being untimely since the charge was filed more than 300 days after the date of the alleged discrimination.

It is well-settled in the Second Circuit that a plaintiff may bring an employment discrimination action under Title VII only after filing a timely charge with the EEOC or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e) (Title VII); see 29 U.S.C. §§ 626(d), 633(b) (ADEA). Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001). Such charge shall be filed by within three hundred days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5 (e)(1). The filing deadline is a statute of limitations and a failure to timely file bars a plaintiff's action. See Hill v.

Citibank Corp., 312 F.Supp.2d 464, 472 (S.D.N.Y.2004), quoting Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999). Here, Plaintiff filed his EEOC charge on July 13, 2011. Cmplt. ¶ 8. Accordingly, any claim regarding an act or event that occurred more than 300 days prior, including Plaintiff's disqualification from the application process on June 11, 2008, is time-barred.

Plaintiff argues that the time limitations period should be extended by the "continuous violation" doctrine, arguing that the discrimination is continuing while Plaintiff waits for a response to Plaintiff's counsel's letter to Mangano seeking reconsideration and employment. Under that doctrine, if a plaintiff has suffered a continuous practice and policy of discrimination, the start of the limitations period may be delayed. Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001), cert. denied, 536 U.S. 922 (2002) (citations omitted). Generally, a continuing violations doctrine is associated with a discriminatory policy, as opposed to individual acts of discrimination, although a continuing violation may be found "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." Id., citations omitted. Nevertheless, as the Supreme Court has stated, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 2073 (2002). Thus, a plaintiff can only "file a charge to cover discrete acts that 'occurred' within the appropriate time period." Id.

The linchpin of Plaintiff's claim is his termination or disqualification from the

Corrections Officer application process by letter dated June 11, 2008. This termination is a "discrete" act, and is outside the 300-day time limit for a claim under Title VII. Mangano's failure to respond to Plaintiff's counsel's letter seeking reconsideration does not amount to a continuing violation, nor does it create a policy of discrimination such that the continuing violations doctrine should apply.[3] As a result, Plaintiff's Title VII claim is time-barred and is hereby dismissed.

B. <u>42 U.S.C. §1983</u>

Defendants argue that Plaintiff's claim under 42 U.S.C. § 1983 is also untimely. The applicable statute of limitations period governing § 1983 actions is three years from the time the claim accrued. <u>Paige v. Police Dept. of Schenectady</u>, 264 F.3d 197, 199 n. 2 (2d Cir.2001). Under federal law, the claim accrues when the plaintiff knows or has reason to know of the harm or injury that is the basis of his action. <u>Cornwell v. Robinson</u>, 23 F.3d 694, 703 (2d Cir. 1994), <u>abrogated in part on other grounds</u>, <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002).

Plaintiff's claim accrued on the day he was disqualified from the Corrections Officer application process, which was by letter dated June 11, 2008. This complaint was filed on May 23, 2012, more than three years later. For the reasons discussed above, the continuing violations doctrine does not apply, and therefore Plaintiff's claims under 42 U.S.C. § 1983 is hereby

---

[3]In his opposition papers to this motion, Plaintiff refers to a lawsuit brought against these Defendants and a resulting 1982 consent decree which prohibited Nassau County from engaging in discrimination or utilizing entrance exams that had any discriminatory impact. To the extent Plaintiff relies on this history to bolster his theory that the continuing doctrine applies to this case, the court finds there is no evidence to support any connection between that consent decree and this Plaintiff.

dismissed as untimely.

### C. FLSA Claim

Defendants also argue that Plaintiff's FLSA claim is untimely. A claim under the FLSA must be brought within two (2) years after the cause of action accrued, or three (3) years after if the plaintiff can show that the defendant has been wilful. 29 U.S.C. § 255(a). Plaintiff's cause of action accured on June 11, 2008, and this action, filed May 23, 2012, is beyond the two-year or three-year statute of limitations for an FLSA claim. As stated above, the doctrine of continuing violations does not apply, not does any other tolling theory. Therefore, Plaintiff's claim under the FLSA is hereby dismissed.

### D. New York State Law Claims

In light of the dismissal of Plaintiff's federal claims, the court declines to exercise jurisdiction over Plaintiff's state law claims under N.Y. State Human Rights Law, §§ 290 *et seq.*, N.Y. Executive Law §§ 290 and 296, and N.Y. Labor Law § 741. See 28 U.S.C. § 1367(c).

### CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Plaintiff's complaint is granted in its entirety. The Clerk of the Court is directed to close the case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 27 2013